JAMES S. MOTT v. NEW YORK, ONTARIO AND WESTERN
RAILWAY COMPANY.

John Hopper died in 1819, leaving a will which contained the follow-
ing, viz.: "*Secondly.* I give, devise and bequeath unto my three
grandchildren, namely, Garrit Hopper Striker, Ann Striker and
Wyntie [Winefred] Mott, wife of Jordan Mott, and their heirs for-
ever, all my real estate wheresoever and howsoever situated in the
city and county of New York, and in the county of Bergen, in the
State of New Jersey. The said real estate so devised to my said grand-
children to be disposed of as follows by my executors hereinafter
named, and the survivor of them, or the executors or administrators
of such survivor—that is to say, the said real estate shall not at any
time hereafter be sold or alienated, but my said executors, or adminis-
trators of such survivor, shall, from time to time, lease or rent the same
on such terms and for such rent as they may deem most advantageous
to my said heirs; and the rents, issues and profits of the same shall be
annually paid by my said executors and the survivor of them, or the
executors or administrators of such survivor, to my said heirs, in equal
proportions; and if either of my said heirs, or their children lawfully
begotten, shall choose to occupy any part of my said real estate, he, she
or they shall have a preference to any other applicant, on paying a
reasonable rent for the same.   *   *   *   And in case any of my
said heirs and devisees shall die without lawful issue, then, and in
such case, my will is that the share of the one so dying shall be
and inure to the sole use, benefit and behoof of my said grandchil-
dren and the survivor of them and the heirs of such survivor forever."
All the grandchildren are dead, as also are the executors of John
Hopper. Winefred Mott left her surviving four children, of whom
James S. Mott, the father of the plaintiff, was one. James S. Mott died
intestate after the death of his mother, leaving plaintiff, his only child
him surviving. Winefred Mott left a will in which she devised all her
real estate to three of her children, not including her son, James S. Mott.
*Held,* that Winefred Mott did not have a fee in any part of the lands
of which John Hopper died seized, but only an interest for life in the
undivided one-third part, and that she did not have a devisable inter-
est in the property in question. *Also held,* that upon the death of the
grandchildren, (the active duties of the trust having ceased,) James S.
Mott, a son of Winefred, under the will of John Hopper, took in fee
the undivided one-fourth of one-third, being the undivided one-twelfth
of the premises, and that the same descended to the plaintiff, his only
child.

In ejectment.    On rule to show cause.

Argued at February Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, KNAPP and PARKER.

For the plaintiff, *Hamilton Wallis.*

For the defendants, *James B. Vredenburgh.*

The opinion of the court was delivered by

PARKER, J.    This suit was brought by James S. Mott against the New York, Ontario and Western Railway Company, to recover possession of the equal undivided one-twelfth part of the premises described in the declaration, situated in the townships of Weehawken and Union, in the county of Hudson, formerly Bergen.

A verdict was rendered for the plaintiff, and a rule to show cause why the verdict should not be set aside was obtained by the defendants.

In the year 1819, one John Hopper died seized and possessed of the premises in question.    His will bears date September       , 1815, and in 1819 was admitted to probate in New York, where he resided at the time of his death.    An exemplified copy of his will has been filed and recorded in Hudson county.

The decision of this cause depends upon the construction of said will.    The following extracts from the will bear on this case, viz.: "*Secondly.* I give, devise and bequeath unto my three grandchildren, namely, Garrit Hopper Striker, Ann Striker and Wyntie Mott, wife of Jordan Mott, and their heirs forever, all my real estate wheresoever and howsoever situated in the city and county of New York, and in the county of Bergen, in the State of New Jersey.    The said real estate so devised to my said grandchildren to be disposed of as follows by my executors hereinafter named and the survivor of them, or the executors or administrators of such survivor—that is to say, the said real estate shall not at any time

hereafter be sold or alienated, but my said executors, or administrators of such survivor, shall, from time to time, lease or rent the same on such terms and for such rent as they may deem most advantageous to my said heirs; and the rents, issues and profits of the same shall be annually paid by my said executors and the survivor of them, or the executors or administrators of such survivor, to my said heirs, in equal proportions; and if either of my said heirs or their children lawfully begotten shall choose to occupy any part of my said real estate, he, she or they shall have a preference to any other applicant, on paying a reasonable rent for the same.   *   *   * And in case any of my said heirs and devisees shall die without lawful issue, then, and in such case, my will is that the share of the one so dying shall be and inure to the sole use, benefit and behoof of my said grandchildren and the survivor of them and the heirs of such survivor forever."

All the grandchildren named in the will died before the commencement of this suit. The executors of John Hopper had previously died and a trustee had been appointed.

Wyntie or Winefred Mott left her surviving four children, one of whom was James S. Mott, the father of the plaintiff. He had been a lunatic for twenty years before his death, and in the year 1867 died intestate, leaving him surviving the plaintiff, his only child. Neither the plaintiff nor his father ever made conveyance of any right in the premises in controversy in this suit.

The defendants contend that neither plaintiff nor his father ever had any property in said lands, and allege that Winefred Mott, the grandchild of John Hopper, and the grandmother of plaintiff, was seized of an estate in fee simple therein, which she could legally devise, and that she did devise her undivided one-third of the premises to her other three children, through whom and their grantees the defendants claim such one-third.

Now, if Winefred Mott did not have a fee in said lands—if she had only an interest for life, and not a devisable estate—her will had no effect upon the right of her son, James S. Mott; but under the will of John Hopper he, at her death,

became seized in fee of the one-fourth of said undivided one-third, to wit, one-twelfth thereof, and at his death the same descended to his son, the plaintiff.

Upon examining the provisions of the will of John Hopper stated in the above extracts therefrom, it is seen that it gave to the executors a legal estate for the lives of the respective grandchildren, with remainder, as to each share, to the issue of the grandchild in fee.

At the death of the grandchildren of John Hopper the duties of the trustee ceased—his interest in the property ended —and the devise to the heirs of the grandchildren respectively took effect as a remainder.

Such is the construction which this will has received in the Court of Appeals of the State of New York. It first came before that court in the year 1848, in the case of *Brewster* v. *Striker*, 2 *Comst.* 19. An action of ejectment had been brought in the New York Common Pleas by *Brewster* against *Garrit H. Striker*, brother of Winefred Mott and one of the grandchildren named in the will of John Hopper.

The lands in New York of which John Hopper died seized had been divided upon partition proceedings, on the assumption that the grandchildren named in his will were tenants in common in fee, each entitled to an undivided one-third. Brewster had obtained judgment and execution against Striker, under and by virtue of which the sheriff sold the part which had been set off to Striker in severalty. After the sale and delivery of the deed, (Striker remaining on the premises,) ejectment was brought by Brewster, the purchaser, to obtain possession. A motion to non-suit was made, on the ground that no estate passed to Brewster under the sheriff's sale, because the interest of Striker in the land was only equitable. and the executors of John Hopper had an estate in the premises in trust for Striker during his life.

The plaintiff was non-suited by the Court of Common Pleas and the cause was then removed to the Court of Appeals by writ of error. The principal question involved was elaborately argued by able counsel. The court held that the

executors of John Hopper took by implication the legal estate during the lives of his grandchildren, and that the grandchildren had no present legal interest which could pass by sale under judgment and execution.

The will of John Hopper again came before the Court of Appeals of New York for construction in 1863, in the case of *Striker* v. *Mott*, 28 *N. Y.* 82. Ann Striker, one of the three grandchildren named, had died without issue, and her brother, Garrit H. Striker, in partition, claimed the undivided one-half of the one-third of the Hopper lands, which he supposed vested in himself and his sister, Winefred Mott, in fee simple, on the death of Ann Striker. The court held that taking the will of John Hopper altogether, the estate in each third part of the land was limited to the trustee for the life of the grandchild for whose benefit that one-third was devised, remainder to the issue of that grandchild, if he or she should have issue, in fee.

In *Zabriskie* v. *Morris and Essex R. R. Co.*, 6 *Stew. Eq.* 22, where the Chancellor construes the will of John Tonnele, deceased, the decision of the Court of Appeals of New York in Brewster *v.* Striker was cited and approved.

The conclusion is that Winefred Mott did not have a devisable estate in the lands in question, and that upon the death of the grandchildren of John Hopper, (the active duties of the trust having ceased,) James S. Mott, son of Winefred, under the will of John Hopper, took in fee simple the undivided one-twelfth part of the lands, which one-twelfth descended to his son, the plaintiff.

The plaintiff is entitled to recover the equal undivided one-twelfth part of the premises in controversy, and the rule to show cause is discharged, with costs.